UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHERRI TOMLINSON,**

        **Plaintiff,**

v.                          Case No: 6:23-cv-30-RBD-DCI

**BEACH ISLAND RESORT LESSEES
ASSOCIATION, INC.,**

        **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Motion to Amend Complaint (Doc. 40)
>
> **FILED:** July 16, 2023
>
> ---
>
> **THEREON** it is **Recommended** that the motion be **DENIED**.

### I.  Background

Plaintiff seeks leave to amend her complaint to add an additional defendant. Doc. 40 (the Motion). The deadline to amend pleadings passed on June 30, 2023. Doc. 34 at 3. So, the requested amendment is untimely pursuant to the deadlines in the Case Management and Scheduling Order. *Id.*

### II.  Standard

The Court is guided by Rules 15 and 16 of the Federal Rules of Civil Procedure in determining whether to allow an untimely amendment to the pleadings. *Rosas v. Geovera*

*Specialty Ins. Co.*, 2019 WL 5085038, at *1 (M.D. Fla. June 24, 2019).  A case management and scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  This good cause standard is a rigorous one, requiring the Court to focus not on the good faith of or the potential prejudice to any party, but on the moving party's diligence in meeting the deadlines it seeks to modify.  *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.").  If "good cause" exists under Rule 16 to allow modification of the schedule, the Court proceeds to Rule 15 to determine whether leave to amend is proper.  *Rosas*, 2019 WL 5085038, at *1.

### III.   Discussion

The undersigned begins with Rule 16(b)(4).  Plaintiff asserts that the good cause standard is satisfied because Defendant turned over thousands of documents one week before the amendment deadline, Plaintiff could not complete her review of that production until after the amendment deadline passed, and Plaintiff's review of the production "led to the conclusion that the Complaint should be amended to add an additional defendant, namely, James Powers, who is/was President of the Defendant[.]"  Doc. 40 at 3–4.  However, Plaintiff already possessed most of the documents that she relies upon prior to Defendant's production.

For instance, many of the documents Plaintiff relies upon are emails sent from or received by Plaintiff's personal email account prior to this case being filed.  Docs. 40-4; 40-5; 40-6; 40-7; 40-9; 40-14 at 71.  One document is an email sent by Plaintiff's husband, who also worked for Defendant.  Doc. 40-8.  Another document appears to be a printout from Sunbiz.org detailing Defendant's corporate information, which document is publicly accessible.  Doc. 40-1.  Finally, one document is the termination letter sent to Plaintiff and her husband.  Doc. 40-13.  So, Plaintiff

possessed or had access to almost all of the documents[1] she relies upon prior to this case being filed.  It is unclear what new information Plaintiff purportedly gleaned about Mr. Powers in reviewing Defendant's production that she could not have acquired had she been diligent in reviewing her own documents.  Fed. R. Civ. P. 16(b)(4).  Therefore, Defendant's production of these documents a week before the amendment deadline is inapposite, and Plaintiff cites no other basis for finding the good cause standard met.  Doc. 40 at 5–6.

Accordingly, Plaintiff has not shown good cause as required by Rule 16(b)(4), and the undersigned's inquiry ends there.  *See Strubel v. Hartford Ins. Co. of the Midwest*, No. 8:09-cv-1858-T-17-TBM, 2010 WL 11507711, at *2 (M.D. Fla. June 18, 2010) ("This Court does not reach the issue of prejudice to the non-moving party, because there is a complete absence of a showing of good cause to permit the amendment of Strubel's pleadings sixteen days past the deadline established by the Case Management Order.").

### IV.     Conclusion

Accordingly, for the foregoing reasons, it is respectfully **Recommended** that the Motion (Doc. 40) be **DENIED**.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure

---

[1] Two other documents that Plaintiff relies upon are her worker's compensation form and an email in which Mr. Powers sent along the minutes of a meeting that he had with Plaintiff and her husband. Docs. 40-3; 40-12.  Defendant asserts that Plaintiff received the worker's compensation form via a third-party subpoena well before the amendment deadline.  Doc. 41 at 3–4.  As to the meeting minutes email, it bears noting that Plaintiff was involved in the underlying meeting.

to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on August 17, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy